IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OPAL RUN LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>DAVID'S BRIDAL, INC.,<br><br>                Defendant. | **Case No. 2:15-cv-2034**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Opal Run LLC files this Complaint against David's Bridal, Inc. for infringement of United States Patent No. 6,704,120.

## THE PARTIES

1. Plaintiff Opal Run LLC ("Opal") is a Texas Limited Liability Company with its principal place of business at 825 Market Street, Building M, Suite 250, Allen, TX 75013.

2. Defendant David's Bridal Inc. ("Defendant") is a Florida Corporation with its principal place of business 1001 Washington St., Conshohocken, PA 19428. Defendant's Registered Agent in the State of Texas is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

3. Defendant does business in this District at its brick-and-mortar store located at 9288 TX-121, #100, Frisco, TX 75034 and on its e-commerce transactional website, davidsbridal.com, which Defendant directs to residents of Texas—including those that reside within the Eastern District of Texas, such as Opal—as well as consumers across the United States.

1

## NATURE OF THE ACTION

4. This is a civil action for infringement of United States Patent No. 6,704,120 (the '120 Patent), arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant has committed acts of infringement in the United States including offers for sale directed to residents of this District, including, at least, through Defendant's brick-and-mortar store within this District located at 9288 TX-121, #100, Frisco, TX 75034 and transactional ecommerce website (www.davidsbridal.com) directed toward residents of this District, the State of Texas, and the entire United States of America. Therefore, Defendant is deemed to reside in this District for purposes of this action.

7. This Court has personal jurisdiction over Defendant and venue is proper in this district because Defendant has committed, and continues to commit, acts of infringement in and directed toward the State of Texas, including in this district and/or has engaged in continuous and systematic activities in the State of Texas, including in this District.

## THE PATENT-IN-SUIT

8. The '120 Patent, entitled "Product Template for a Personalized Printed Product Incorporating Image Processing Operations," was duly and legally issued by the United States Patent and Trademark Office on March 9, 2004. A copy of the '120 Patent is attached hereto as Exhibit A.

9. Opal is the exclusive owner of all rights, title, and interest in the '120 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement thereof.

## **COUNT I: DIRECT INFRINGEMENT OF U.S. PATENT 6,704,120**

10. Opal incorporates paragraphs 1 through 9 by reference as if fully stated herein.

11. The '120 Patent is valid and enforceable.

12. Claim 10 of the '120 Patent protects:

"A method for defining a personalized printed product using a data template that consists of at least one graphical component, said method comprising:

(a) generating a data template that identifies the graphical component;

(b) encoding, in said data template, an instruction to operate upon the graphical component; and

(c) providing an application program on a computer, said application program configured to interpret said data template and to operate upon the graphical component in accordance with said instruction encoded in said data template.

13. Defendant has directly infringed, and continues to directly infringe, at least Claim 10 of the '120 Patent in violation of 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by offering for sale on its website personalized printed products created using the patented methods of the '120 Patent, including, at least, the method taught by claim 10 of the '120

Patent, thereby illegally using the patented method of distributing products over the Internet encompassed by the '120 Patent.

14. Opal has given Defendant notice of its infringement by virtue of service or acknowledged delivery of this complaint.

15. Opal has been and continues to be damaged by Defendant's infringement of the '120 Patent.

16. Defendant's actions complained of herein are causing irreparable harm and damages to Opal and will continue to do so unless and until Defendant is enjoined and restrained by the Court.

17. Defendant's conduct in infringing the '120 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## JURY DEMAND

18. Plaintiff Opal hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Opal prays for judgment as follows:

A. That Defendant has directly infringed one or more claims of the '120 Patent, either literally and/or under the doctrine of equivalents;

B. That Defendant account for and pay all damages necessary to adequately compensate Opal for infringement of the '120 Patent, such damages to be determined by a jury, and that such damages be awarded to Opal with pre-judgment and post-judgment interest;

D. That Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or actively participating with them, be permanently enjoined from directly or indirectly infringing the '120 Patent; or, in

the alternative, judgment that Defendant account for and pay to Opal an ongoing post-judgment royalty reflecting Defendant's deliberate continuing infringement;

E.  That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Opal be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

F.  That Opal be awarded such other and further relief as this Court deems just and proper.

DATED: November 30, 2015

Respectfully submitted,

 /s/ *Brian M. Andrade*
Brian M. Andrade
State Bar of Texas No. 24078150
**ANDRADE LAW FIRM, PLLC**
17330 Preston Road, Ste 200D
Dallas, Texas 75252
P: (972) 372-4926
F: (972) 372-0340
E: brian@dfw-lawyer.com

***ATTORNEY FOR PLAINTIFF***